UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MARCEL COOK, | ) |
| Petitioner, | ) |
| v. | ) CV624-073 |
| ROBERT L. RUSSELL, | ) |
| Respondent. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

Marcel Cook, who is incarcerated at Telfair State Prison, filed a pleading in the United States District Court for the Northern District of Georgia that sought monetary damages and immediate release from his incarceration. *See* doc. 5 at 8. The case was transferred to this Court. *See* doc. 7. The Court explained the inconsistency in the relief sought and directed Cook to clarify the nature of his pleading. *See* docs. 9 & 13. He requested an extension of his deadline to comply, doc. 14, and he has now submitted an amended pleading, doc. 15. Although the basis for the extension request is not entirely clear, *see* doc. 14 at 1 (requesting the extension because of "newly [sic] discovery of evidence"), because Cook filed his request before the deadline ran, *see id* at 2, the Court **GRANTS**,

doc. 14, in part, the request and consider the amended pleading timely submitted. Fed. R. Civ. P. 6(b)(1)(A). Cook's amended pleading clarifies that it is a habeas petition, pursuant to 28 U.S.C. § 2254. *See generally* doc. 15. Since it appears that Cook lacks sufficient funds to pay the required filing fee, his request to proceed *in forma pauperis* is **GRANTED**. Doc. 6. The Court, therefore, proceeds to screen his Petition, as amended. Preliminary review shows that the Petition should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Cook's Amended Petition states that he was convicted of cruelty to children, fleeing and attempting to elude, aggravated assault, hijacking a motor vehicle, entering an automobile, armed robbery, reckless driving, driving on a suspended license, and escape. Doc. 15 at 1. He states that he pleaded guilty. *Id.* Judgment was entered on February 9, 2015. *Id.* He states that he appealed his conviction, but refers to a proceeding in an unidentified court in Baldwin County, Georgia, which terminated in 2017. *Id.* at 2. He states that he did not seek any further review. *Id.*

His Amended Petition asserts two grounds for relief.  Ground One asserts "double jeopardy."  Doc. 15 at 5.  The supporting factual allegations state, unedited and in full: "Defendant were sentence on February 9, 2015 for ten charges and one of the charges were lesser included offenses."  *Id.*  He concedes that he did not raise that issue in any post-conviction proceeding and that it has not been presented to any state court.  *Id.* at 5-6.  He states that he failed to do so because of "[n]ewly discovered of evidence [sic]."  *Id.* at 5.  Ground Two asserts that his sentence is "void."  *Id.* at 7.  The factual allegation supporting that Ground states, unedited and in full, "Defendant claim that the Grand Jury has not produce the minutes during the process of the Grand Jury."  *Id.*  Again, he concedes that the claim has not been presented in any state proceeding because of new evidence.  *Id.* at 7-8.

Pretermitting whether any of the grounds is sufficiently asserted or exhausted, Cook's Petition is untimely.  Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking

such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Since he did not appeal, his conviction became final on March 11, 2015, when his deadline to appeal expired. *See* O.C.G.A. § 5-6-38(a); *see also Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). He does not state when proceedings in Baldwin County, whatever their nature, commenced, but he contends that they concluded on July 19, 2017, and he did not appeal. *See* doc. 15 at 2. Giving Cook the benefit of the doubt that all of the time between the finality of his conviction and the conclusion of the Baldwin County proceedings was tolled, the statute of limitations began to run no later than August 18, 2017. *See, e.g.,* O.C.G.A. §§ 5-6-38(a); 9-14-52(b). The one-year period expired, therefore, no later than August 20, 2018.[1] Cook's original pleading was not signature-filed until November 21, 2024. Doc. 5 at 7; *see, e.g., Taylor v. Williams*, 528 F.3d 847, 849 n. 3 (11th Cir. 2008) ("Under the federal 'mailbox rule,' a *pro se* federal habeas petition is deemed to be filed on the date it is delivered to prison authorities for mailing." (citation omitted)). On any plausible construction of Cook's allegations, that was years too late.

---

[1] One year from August 18, 2017 was Saturday August 18, 2018. By operation of the Federal Rules, Cook's deadline to file his § 2254 petition was automatically extended until the following Monday, August 20, 2018. *See, e.g.,* Fed. R. Civ. P. 6(a)(1)(C).

Cook appears to concede that his Petition is untimely, if only implicitly. In alleging that it is not time barred, he states only "[n]ewly discovery of evidence [sic]." Doc. 15 at 13. Extending the principle that *pro se* pleadings are to be charitably construed, *see, e.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007), to its limits, that allegation asserts that the Petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(D). That Section provides that the one-year limitations period can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Given the substance of Cook's claims, to the extent that they are discernable, there is no plausible contention that the evidence supporting them was not discoverable prior to 2017, when the Court has presumed the period began to run under § 2244(d)(1)(A). The records of the grand jury that indicted him, or the lack of such records, and the charges upon which he was convicted were, quite obviously "available" no later than when he was convicted in 2015. *Cf. Gibson v. Smith*, 2023 WL 11959229, at *3 (N.D. Ga. Jan. 9, 2023); *Marshal v. Hall*, 2022 WL 14034816, at *1 (S.D. Ga. Oct. 24, 2022). The limitations period "begins when the prisoner knows (or through diligence could discover) the

6

important facts, not when the prisoner realizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). To be sure, Cook has submitted correspondence indicating that he requested the grand jury minutes and was told that none existed in September 2024. *See, e.g.,* doc. 17 at 4. However, there is no indication that Cook even tried to, much less that he could not have, discovered that fact during the intervening years. There is, therefore, no basis to conclude that § 2444(d)(1)(D) provides any later trigger for the commencement of the one-year period than § 2244(d)(1)(A).

Cook's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Since Cook's vague reference to newly discovered evidence does not establish either his diligence or an extraordinary circumstance, he has not borne his burden to equitably toll the statute of limitations. *See, e.g., Lugo v. Sec'y,*

*Fla. Dept. of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." (internal quotation marks and citation omitted)).

Otherwise untimely § 2254 claims may also be considered, even if the petitioner is not entitled to equitable tolling, if he can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new

evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted)). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)). The petitioner bears the burden of showing the exception applies. *See, e.g., McQuiggen*, 569 U.S. at 399. Even assuming that some unspecified defect in the grand jury proceedings occurred—and nothing in Cook's allegations suggest that it did—a defective indictment does not constitute actual innocence. *See, e.g., Johnson v. Bowen*, 2022 WL 17960456, at *2 (S.D. Ga. Dec. 27, 2022) ("[A]lleged defects in an indictment assert, at most, legal insufficiency, not the factual innocence required to avoid the time bar."). Double jeopardy also does not implicate actual innocence. *See, e.g., Selsor v. Kaiser*, 22 F.3d 1029, 1035 (10th Cir. 1994) (meritorious double jeopardy claim "show[ed] only legal innocence"). Thus, the Court can discern no plausible basis for Cook to bear his burden to show his actual innocence.

Since Cook's Petition, as amended, is untimely and he makes no meritorious argument for equitable tolling or assertion of actual innocence, it should be **DISMISSED**. Docs. 5 & 17. In addition to requesting the "extension," granted above, Cook also requests that the Court "set down evidentiary hearing and a rule nisi, issue in response to said motion so that both parties are afford [sic] a fair opportunity at being heard and present evidence in support thereof," because "a failure to conduct a hearing in this matter will result in a miscarriage of justice." Doc. 14 at 2. As explained above, Cook's Petition, should be dismissed as untimely. Cook's Motion makes none of the required showings in support of an evidentiary hearing, *see, e.g.,* 28 U.S.C. § 2254(e)(2), and the recommendation that his Petition be dismissed renders his request moot. For either of those independently sufficient reasons, his request is **DENIED**. Doc. 14, in part. Finally, Cook has moved for discovery. *See* doc. 17. In § 2254 cases, leave of court, based upon a showing of good cause, is required before any discovery may be conducted. *See* Rule 6(a), Rules Governing Section 2254 Cases. The required "[g]ood cause is demonstrated where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

10

demonstrate that he is entitled to relief." *Daniel v. Comm'r, Ala. Dep't of Corrs.*, 822 F.3d 1248, 1281 (11th Cir. 2016) (internal quotation marks, alterations, and citation omitted). As explained above, Cook's Petition is time-barred. Since it is clear that Cook is not entitled to relief, he cannot show good cause for discovery, and his Motion is **DENIED**. Doc. 17.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 23rd day of May, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA